# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO GONZALEZ, et al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | NO. 11-5327 |
| | : | |
| MOLDED ACOUSTICAL PRODUCTS | : | |
| OF EASTON, INC., et al., | : | |
|     Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                                                                 May 22, 2013

      Defendants seek reconsideration of my Order of March 27, 2013, granting in part and denying in part their motion for summary judgment on Jessica's Delgado's failure-to-hire claims. For the following reasons, I will deny Defendants' motion.

      A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly).

Defendants appear to base their motion on the need to correct clear errors of fact. First, they contend there is no genuine issue of material fact that Delgado was not a floor manager at the time of her layoff. I disagree. As I explained in my memorandum, Gail Kuypers, MAP's corporate director of human resources and a Rule 30(b)(6) witness, testified that Delgado was a floor manager at the time of her layoff. Delgado's testimony that she was not a floor manager but rather a "supervisor" does not resolve the issue in light of the seemingly ambiguous status of MAP's "supervisors." (See, for example, Ron Depack's email of August 1, 2008, which he sent to MAP's floor managers but addressed to its "supervisors.")

Second, Defendants contend there is no genuine issue of material fact that Delgado did not apply for a floor manager position. It is not clear what Defendants are asking me to reconsider in this regard, as I made clear in my memorandum that Delgado "never formally applied to any of the five floor manager positions following her layoff." Gonzalez v. Molded Acoustical Products of Easton, Inc., CIV.A. 11-5327, 2013 WL 1234809, at *3 (E.D. Pa. Mar. 27, 2013). Delgado concedes this. Doc. No. 57 at 12 n.3.

And third, Defendants contend there is no genuine issue of material fact that Delgado should not be excused from the formal application requirement. In making this argument, Defendants misleadingly quote from my analysis of Lula v. Network Appliance, Inc., 245 F. App'x 149 (3d Cir. 2007). Under Lula, a plaintiff's failure to formally apply for a job will not bar the plaintiff from establishing a prima facie case where the plaintiff "had a genuine and real interest in the position but reasonably believed that a formal application would be futile." Id. at 152. Defendants cite the following line

of my analysis in arguing that I "unequivocally" held Delgado cannot satisfy this requirement: "[I]t would be particularly unreasonable for her to have believed that formally applying was futile given that she did not subsequently express interest to MAP's decisionmakers." Doc. No. 56-1 at 4-5 (quoting Gonzalez, 2013 WL 1234809, at *4). What I actually wrote was, "*assuming Delgado was not a floor manager at the time of her layoff and termination*, when reassurances were made about future employment, it would be particularly unreasonable for her to have believed that formally applying was futile given that she did not subsequently express interest to MAP's decisionmakers." Gonzalez, 2013 WL 1234809, at *4 (emphasis added). Indeed, my entire discussion of Lula was premised on the assumption that Delgado was not a floor manager, which as I indicated is a fact materially in dispute. Id. ("*Assuming Delgado was not a floor manager at the time of her layoff*, it does not appear her failure to formally apply can be excused.") (emphasis added). Defendants simply omit these caveats. Certainly, if Delgado *was* a floor manager at the time of her layoff, it is far from "unequivocal" that she could not establish she had a genuine and real interest in a floor manager position but reasonably believed that a formal application would be futile. See Delgado Dep. at 72 (Q: "Is it fair to say that you understood at the time [of your layoff] that it was the intention of the people you spoke with to bring you back to work?" A: "Yes."). In any event, Defendants completely ignore the portion of my opinion in which I explained that, in addition to those circumstances articulated in Lula, "the lack of a formal application may be excused where the employer 'had some reason or duty to consider [the plaintiff] for the post.'" Gonzalez, 2013 WL 1234809, at *3 (quoting Fowle v. C & C Cola, a Div.

3

of ITT–Cont'l Baking Co., 868 F.2d 59, 68 (3d Cir. 1989)).  If Delgado was a floor manager at the time of her layoff, MAP had a reason to consider her for the position without a formal application—just as it had a reason to consider her co-plaintiffs—given Ron DePack and John Hanni's assurances that she would be contacted about returning to her job.  Gonzalez, 2013 WL 1234809, at *4 n.6.

     For the foregoing reasons, Defendants' motion is denied.  An appropriate order follows.